# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **APRIL K. BARNETT,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 1:12-CV-1745-VEH** |
| | ) |
| **JP MORGAN CHASE BANK,** | ) |
| **NATIONAL ASSOCIATION, as** | ) |
| **successor by merger to CHASE** | ) |
| **HOME FINANCE, LLC,** | ) |
| | ) |
|    **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Pending before the court is Plaintiff's Motion To Compel Discovery Responses and for Sanctions (Doc. 18) (the "Motion") filed on October 22, 2012. On November 1, 2012, the court entered an order resetting the evidentiary hearing on the Motion for November 6, 2012, at 3:00 p.m. and giving Plaintiff until 5:00 p.m. on November 5, 2012, to file a Notice of Remaining Issues, after the parties conducted an in person meeting. (Doc. 28).

Plaintiff filed her Notice of Remaining Issues (Doc. 30) (the "Notice") on

November 5, 2012, at 5:34 p.m.[1] Within her Notice, Plaintiff indicates that, despite the parties' face-to-face meeting, several outstanding discovery disputes remain.

The court conducted an evidentiary hearing on November 6, 2012. Testifying at the hearing was Vicki Landis, who is currently employed by Defendant as a Mortgage Office/Home Loan Research Officer. (Doc. 21-1 at 2 ¶ 1).

For the reasons stated in open court and as explained below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

II.    **Standard**

Regarding discovery rulings:

> A district court has wide discretion in discovery matters and our review is "accordingly deferential." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). A court abuses its discretion if it makes a "clear error of judgment" or applies an incorrect legal standard. *Carpenter v. Mohawk Indus., Inc.*, 541 F.3d 1048, 1055 (11th Cir. 2008) (per curiam). Moreover, a district court's denial of additional discovery must result in substantial harm to a party's case in order to establish an abuse of discretion. *See Leigh v. Warner Brothers, Inc.*, 212 F.3d 1210, 1219 (11th Cir. 2000).

*Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009); *accord Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) ("Moreover, we will not

---

[1] Also pending is Plaintiff's Motion for Court To Accept Late Filing (Doc. 31) (the "Motion To Accept"). Because Plaintiff's filing was less than one hour late and for other good cause shown, the Motion To Accept is **GRANTED**.

overturn discovery rulings 'unless it is shown that the District Court's ruling resulted in substantial harm to the appellant's case.'" (quoting *Carmical v. Bell Helicopter Textron, Inc.*, 117 F.3d 490, 493 (11th Cir. 1997))).

### III. Analysis

#### A. Issues Specifically Identified By Plaintiff

##### 1. Privilege Log

As stated during the evidentiary hearing, Plaintiff has withdrawn her challenges to Defendant's privilege log as well as to Defendant's objections to the production of certain records on the basis of attorney-client or work product privilege. Accordingly, that portion of the Motion is **DENIED** as **MOOT**.

##### 2. Interrogatories and Requests for Production

Plaintiff has identified three interrogatories and one request for production to which she contends Defendant has provided inadequate responses. Plaintiff also has raised a challenge pertaining to Defendant's responses to her requests for production generally. Plaintiff's Motion is **GRANTED** with respect to these interrogatories and requests for production, as modified below.

###### a. Interrogatories No. 3 and No. 5

As ruled in open court, Plaintiff is **ORDERED** to provide to Defendant, no later than November 14, 2012, a list of acronyms, jargon, abbreviations, and any other

internal terms which she needs the Defendant to define. Defendant is **ORDERED** to provide to Plaintiff, no later than November 26, 2012, responsive affidavit(s) that define all the terms included on Plaintiff's list.

### b. Interrogatory No. 6 and Request for Production No. 3

As ruled in open court, Defendant is **ORDERED** to provide to Plaintiff, no later than November 30, 2012, records relating to Alabama residential loans in which Defendant either owns the loan or services the debt and there is an open dispute involving: (i) a borrower's request and receipt of a payoff amount from Defendant; (ii) Defendant's timely receipt of the funds in the amount so specified; and (iii) Defendant's non-application of those funds to that borrower's loan.

### c. General Challenge

Plaintiff's generally objects to Defendant's limiting language of producing documents "within its possession" and not acknowledging the status of any materials that are alternatively in Defendant's "custody" or "control." As clarified during the hearing by Defendant's counsel, as officers of the court, this omission in Defendant's written responses to Plaintiff's document requests was an unintentional error. Accordingly, Defendant has and will continue to produce all responsive records that are in its possession, custody, or control. *See* Fed. R. Civ. P. 34(a) ("A party may

serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items <u>in the responding party's possession, custody, or control</u>: . . . .") (emphasis added).

### B. Issues Not Specifically Identified By Plaintiff

To the extent that Plaintiff's Motion raises any other matters that have not been included in her Notice, those portions of Plaintiff's Motion are **DENIED** as **MOOT**.

## IV. Conclusion

Accordingly, the Motion as modified herein is **GRANTED IN PART** and **DENIED IN PART**.

**DONE** and **ORDERED** this the 7th of November, 2012.

*/s/ Virginia Emerson Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge