FILED
2014 Jan-22  PM 05:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **APRIL K. BARNETT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:12-CV-1745-VEH** |
| | ) |
| **JP MORGAN CHASE BANK,** | ) |
| **NATIONAL ASSOCIATION, as** | ) |
| **successor by merger to CHASE** | ) |
| **HOME FINANCE, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION AND ORDER

## I.     INTRODUCTION

This fraud, conversion, and breach of contract case is set for a jury trial beginning January 27, 2014, in Anniston. (Doc. 76 at 27). Pending before the court is Defendant JP Morgan Chase Bank National Association's ("Chase") Motion in Limine (Doc. 93) (the "Motion") filed on January 6, 2014.  Plaintiff April K. Barnett ("Ms. Barnett") opposed the Motion on January 15, 2014. (Doc. 99).

This Motion seeks to preclude or allow a number of different areas of evidence at trial primarily on the bases of Rules 401, 402, and 403 of the Federal Rules of Evidence.

As for objections to witnesses and exhibits, under the court's pretrial order entered in this case:

> If there are unresolved objections after the parties consult, the parties shall, at least fourteen (14) calendar days before trial, submit to the court, in writing, proposed deposition testimony and trial exhibits and any unresolved objections thereto. A brief argument may be submitted at that time, if necessary. The unresolved objections and arguments (if any) must be emailed to chambers of the undersigned, and a hard copy of any objected-to exhibits must be delivered to chambers of the undersigned (via the clerk's office).

(Doc. 76 at 25 (emphasis added)). On January 13, 2014, the parties jointly submitted their unresolved objections to the court via chambers email.

The court held a hearing on the Motion and unresolved objections and a preliminary charge conference on Tuesday, January 21, 2014, in Anniston. For the reasons stated in open court and herein, the parties' motions in limine are **GRANTED IN PART** and **DENIED IN PART**. Further, the parties' unresolved objections are **SUSTAINED IN PART**, **OVERRULED IN PART**, **TERMED** as **MOOT IN PART**, and **RESERVED IN PART**.

## II.    STANDARDS

### A.    Applicable Evidentiary Rules

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the

action more probable or less probable than it would be without the evidence." Fed.

R. Evid. 401. Regarding the admissibility of evidence generally, Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

> Finally, the exclusionary standard pursuant to Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

### B.    Standard of Review

"All evidentiary decisions are reviewed under an abuse-of-discretion standard."

*See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "An abuse of

discretion can occur where the district court applies the wrong law, follows the wrong

procedure, bases its decision on clearly erroneous facts, or commits a clear error in

judgment." *United States v. Estelan*, 156 F. App'x 185, 196 (11th Cir. 2005) (citing

*United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect

evidentiary ruling constitutes reversible error:

3

Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* Fed. R. Evid. 103(a). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319 (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993). Therefore, even the existence of many evidentiary errors does not guarantee the appealing party a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" in order for reversible error to occur.

## III.   RULINGS

Consistent with the hearing held in open court on January 21, 2014, the court makes the following evidentiary rulings.[1]

## **MOTION**

As explained more fully below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

---

[1]  The following rulings are subject to revision during trial, including, for example, if a party "opens the door" to an area of evidence which the court prohibited on the motion of that particular party. However, the court cautions counsel to make sure before covering any area of evidence prohibited by this order that the court is in agreement that such introduction before the jury is or has become proper.

### A.    Testimony About Emotional Distress

The Motion is **GRANTED** as to any testimony from Ms. Barnett's husband, Jason Barnett ("Mr. Barnett"), about his alleged emotional distress or mental anguish as unopposed by Ms. Barnett because she does not intend to offer such testimony. However, the Motion is **DENIED** as to testimony from Ms. Barnett about Mr. Barnett's distress and the impact that it had on her.

Ms. Barnett may discuss her observations of Mr. Barnett, including his alleged distress, because the impact of those observations are relevant to her mental anguish claim. As it pertains to Chase's Rule 403 objection more specifically, the court points out that the scope of this exclusionary rule is a fairly narrow one, that it should only be sparingly applied, and that, here, the relevancy of the effect that Mr. Barnett's observed stress level had on Ms. Barnett, is not substantially outweighed by undue prejudice.

### B.    Lowe's Credit Denial

The Motion is **DENIED** as to testimony from Ms. Barnett that she was denied a credit card by Lowe's due to Chase's adverse credit reporting. This is basically an objection by Chase that the testimony is "untrue." The jury will decide what evidence to believe and what evidence to reject. Also, the evidence, even if not "true," is still relevant to Ms. Barnett's mental anguish claim if the jury believes that she thought

it was true.

### C.   Loans Or Claims Of Third Parties

Chase seeks to preclude Ms. Barnett from offering evidence about its handling of loans or claims of third parties. Consistent with the court's ruling (Doc. 101) on Chase's *Daubert* Motion entered on January 16, 2014, this section of the Motion is **GRANTED IN PART** and is otherwise **DENIED**. Specifically, Ms. Barnett is **HEREBY PROHIBITED** from referencing any so-called "dual track" fraud claims which recently resulted in Chase's participation in a $25 billion settlement with a coalition of state's attorneys general and federal agencies.

### D.   Ms. Barnett's 2010 Pregnancy And Subsequent Miscarriage

The Motion is **GRANTED** as to any opinions about the possible cause of the miscarriage or Ms. Barnett's resulting emotional distress or mental anguish. The Motion is **DENIED** as to making factual references to Ms. Barnett's 2010 pregnancy and subsequent miscarriage. However, the court will give a limiting instruction to the jury as to this allowed evidence, if one is proposed by Chase.

### E.   Ms. Barnett's Verbal Communications With Chase About Alleged Instructions Not To Send Loan Payments

This portion of the Motion is **DENIED**, and Ms. Barnett will be permitted to testify about her verbal dealings with Chase over the telephone. However, the court

will give a limiting instruction to the jury as to this allowed evidence, if one is proposed by Chase.

### F.    Chase's Wealth, Net Worth, Or Financial Condition

The Motion is **GRANTED** as to any testimony about Chase's wealth, net worth, or financial condition as unopposed by Ms. Barnett.

### G.    References To The "Great Recession," The "Mortgage Crisis," Or Other Similar References To The Economy Or Chase Or Other Banks' Alleged Role In The Economic Downturn, Or To Chase's Receipt Of TARP Funds

The Motion is **GRANTED** as to any such economic testimony as unopposed as stated by Ms. Barnett.

### H.    Opinion Testimony From Michael Saltzman

The Motion is **GRANTED IN PART** and is otherwise **DENIED**. Michael Saltzman ("Mr. Saltzman") will be permitted to testify from his personal knowledge about the loan application made by Ms. Barnett, his review of her credit report and what certain codes meant to him, and his reasons for denying her loan application. Mr. Saltzman can also testify about his training and knowledge of credit reporting practices to give context to his decision on Ms. Barnett's loan application. However, Mr. Saltzman will be prohibited from offering any opinion testimony relating to Chase, including the accuracy of Chase's credit reporting.

I.     **References To Cases Involving Chase In Which Evan Hendricks Was An Expert**

Chase seeks to preclude Ms. Barnett from offering evidence about other cases involving Chase in which her expert witness, Evan Hendricks ("Mr. Hendricks"), was an expert. Consistent with the court's ruling (Doc. 101) on Chase's *Daubert* Motion entered on January 16, 2014, this section of the Motion is **DENIED**. However, Mr. Hendricks will be permitted to testify about only those cases which he expressly disclosed in his expert report. Additionally, by agreement of counsel as stated in open court, the scope of Mr. Hendricks's testimony as to this area is further limited to those instances involving residential loans only.

J.     **Government Investigations Into Chase Or Other Banks**

The Motion is **GRANTED** as to government investigations as unopposed by Ms. Barnett.

K.     **Chase's Jury/Trial Consultant**

The Motion is **GRANTED** as to prohibiting the use of such terms as "jury consultant" or "trial consultant" to identify Chase's consultant during voir dire. Instead, only the name of the consultant and her firm should be used. Also, Ms. Barnett's counsel may ask if potential jurors have had prior experience with a mock trial.

**PARTIES' JOINT REPORT ON UNRESOLVED OBJECTIONS**

For the reasons stated in open court and as summarized below, these unresolved objections are **SUSTAINED IN PART**, **OVERRULED IN PART**, **TERMED** as **MOOT IN PART**, and **RESERVED IN PART**.

**I.     Unresolved Objections to Witnesses**

**A.     Unresolved Objections to Plaintiff's Witnesses**

The unresolved objections pertaining to Ms. Barnett's expert witness, Mr. Hendricks, are **TERMED** as **MOOT** because the scope of Mr. Hendricks's expert testimony has been resolved through the court's ruling (Doc. 101) on Chase's *Daubert* Motion entered on January 16, 2014, as well as the expert witness-related rulings in the Motion section above.

**B.     Unresolved Objections to Defendant's Witnesses**

**1.     Todd Jay**

Ms. Barnett's unresolved objection to Chase's calling Todd Jay as a witness is **SUSTAINED** because he was only part of a generic description made by Chase in its pretrial disclosures and, therefore, he was  not timely disclosed by Chase.

**2.     Robert Wermuth**

Ms. Barnett's unresolved objection to Chase's calling Robert Wermuth ("Mr. Wermuth") as a witness is **SUSTAINED IN PART** and **OVERRULED IN PART**.

9

Mr. Wermuth can testify that he received the foreclosure file applicable to Ms. Barnett, did some legal work, was directed to stop working on the file, and sent a bill.

### 3.    Gerwin Wallace

Ms. Barnett's unresolved objection to Chase's calling Gerwin Wallace as a witness is **TERMED** as **MOOT** as Ms. Barnett withdrew her objection during the hearing.

## II.    Unresolved Objections to Exhibits

### A.    Unresolved Objections to Plaintiff's Exhibits

#### 1.    Ex. 12

The unresolved objection as to relevance is **OVERRULED**.

#### 2.    Ex. 17

The unresolved Rule 403 objection is **OVERRULED**.

#### 3.    Ex. 20

The unresolved objection is **RESERVED**. Counsel should approach before seeking to admit this exhibit and explain why the evidence is proper impeachment.

#### 4.    Ex. 34

The unresolved objection is **SUSTAINED**.

#### 5.    Ex. 37

The unresolved objection as to relevance is **OVERRULED**.

### 6.    Ex. 38B

The unresolved objection as to relevance is **OVERRULED**.

### 7.    Ex. 39

The unresolved objection as to relevance is **OVERRULED**.

### 8.    Ex. 44

The unresolved objection is **SUSTAINED**.

### 9.    Ex. 45

The unresolved objection is **TERMED** as **MOOT** because the scope of Mr. Hendricks's expert testimony has been resolved through the court's ruling (Doc. 101) on Chase's *Daubert* Motion entered on January 16, 2014, as well as the expert witness-related rulings in the Motion section above.

## B.    Unresolved Objections to Defendant's Exhibits

### 1.    Ex. 1

The unresolved objection is **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 2.    Ex. 2

The unresolved objection is **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 3. Ex. 3

The unresolved objection is **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 4. Ex. 4

The unresolved objection is **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 5. Ex. 5

The unresolved objection is **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 6. Ex. 6

The unresolved objection is **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 7. Ex. 7

The unresolved objection is **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 8. Ex. 10

The unresolved objection is **OVERRULED**.

### 9. Exs. 15, 17, 18, 19, 20, 21

The unresolved objections as to authenticity are **SUSTAINED** subject to

authentication under Rule 803 by a Chase employee competent to testify about these records at trial.

### 10.   Exs. 23, 24, 25, 26

The unresolved objections are **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 11.   Ex. 27

The unresolved objection is **TERMED** as **MOOT** because Chase withdrew the exhibit during the hearing.

### 12.   Exs. 28, 29

The unresolved objections are **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

### 13.   Ex. 31

The unresolved objection is **OVERRULED** on completeness grounds. Further, Chase is **ORDERED** to introduce only a complete copy of the State Farm insurance file at trial, and not multiple exhibits, each of which is a portion of that file.

### 14.   Ex. 32

The unresolved objection is **OVERRULED**.

### 15.   Ex. 36

The unresolved objection is **SUSTAINED**.

**16.    Ex. 37**

The unresolved objection is **SUSTAINED** under Rule 608(b) subject to additional briefing by the parties as set forth in the court's conclusion below.

**17.    Exs. 38, 39**

The unresolved objections are **OVERRULED** on completeness grounds. Further, Chase is **ORDERED** to introduce only a complete copy of the State Farm insurance file at trial, and not multiple exhibits, each of which is a portion of that file.

**18.    Exs. 42, 43, 44, 45, 46, 47, 48, 49**

The unresolved objections as to authenticity are **SUSTAINED** subject to authentication under Rule 803 by a Chase employee competent to testify about these records at trial.

**19.    Ex. 50**

The unresolved objection is **TERMED** as **MOOT** because Chase withdrew the exhibit during the hearing.

**20.    Exs. 52, 53, 54, 57, 58, 59, 60, 61**

The unresolved objections as to authenticity are **SUSTAINED** subject to authentication under Rule 803 by a Chase employee competent to testify about these records at trial.

### 21.   Exs. 62, 63

The unresolved objections are **TERMED** as **MOOT** because Chase withdrew the exhibits during the hearing.

### 22.   Ex. 64

The unresolved objection is **OVERRULED** on completeness grounds. Further, Chase is **ORDERED** to introduce only a complete copy of the State Farm insurance file at trial, and not multiple exhibits, each of which is a portion of that file.

### 23.   Exs. 65, 66, 67, 68

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew them during the hearing.

### 24.   Ex. 69

The unresolved objection as to authenticity is **SUSTAINED** subject to authentication under Rule 803 by a Chase employee competent to testify about these records at trial.

### 25.   Exs. 70, 71, 72, 73

The unresolved objections are **TERMED** as **MOOT** because Chase withdrew these exhibits during the hearing without prejudice to seeking their introduction at trial to impeach a witness if such a basis is shown to be proper.

26.    **Ex. 74**

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew them during the hearing so long as the deposition line referring to an exhibit is read into the record.

27.    **Exs. 75, 76, 77, 78, 79, 80, 81, 83**

The unresolved objections are **RESERVED**.

III.    **Unresolved Objections to Deposition Designations**

A.    **Unresolved Objections to Plaintiff's Designations**

1.    **Deposition of Vicki Landis**

a.    **16:7 to 16:24**

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations and/or conceded that Chase's objections were well-taken for this portion of testimony during the hearing.

b.    **16:25 to18:14**

The unresolved objections are **OVERRULED**.

c.    **70:16-71:12**

The unresolved objections are **OVERRULED**.

d.    **92:15-93:19**

The unresolved objections are **OVERRULED**.

e.      95:8-96:25

The unresolved objections are **OVERRULED**.

2.      **Deposition of Jennifer Sanclemente**

a.      17:18-19:17

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations during the hearing.

b.      56:19–57:4

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations during the hearing.

c.      57:16-59:18

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations during the hearing.

d.      82:6-83:17

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations during the hearing.

e.      102:18-103:6

The unresolved objections are **TERMED** as **MOOT** because Chase withdrew the objections during the hearing.

### 3. Deposition of Lanier Jeffrey

#### a. 263:22–265:18

The unresolved objections are **OVERRULED**.

#### b. 269:23–270:9

The unresolved objections are **OVERRULED**.

#### c. 270:10-270:15

The unresolved objections are **SUSTAINED** as compound.

#### d. 346:14–348:1

The unresolved objections are **OVERRULED**.

### 4. Deposition of David Elsner

#### a. 21:12-17

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations during the hearing.

#### b. 21:18-22

The unresolved objections are **SUSTAINED**.

#### c. 40:24-42:6

The unresolved objections are **SUSTAINED**.

#### d. 42:21-43:8

The unresolved objections are **SUSTAINED**.

**e.      43:15-44:5**

The unresolved objections are **SUSTAINED**.

**f.      58:7-60:12**

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations during the hearing.

**5.      Deposition of Peter Katsikas**

**a.      57:13-21**

The unresolved objections are **SUSTAINED**.

**b.      58:12-59.8**

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations during the hearing.

**c.      92:23-93:12**

The unresolved objections are **SUSTAINED**.

**d.      95:2-7**

The unresolved objections are **SUSTAINED**.

**e.      97:13-24**

The unresolved objections are **SUSTAINED**.

**f.      120:3-4**

The unresolved objections are **SUSTAINED** unless lines 118:15-120:16 also

19

come into evidence, in which case the objections are withdrawn.

### g.      161:25-162:6

The unresolved objections are **OVERRULED**.

### h.      162:15-19

The unresolved objections are **SUSTAINED**.

### i.      171:22-172:17

The unresolved objections are **TERMED** as **MOOT** because Chase withdrew these objections during the hearing.

### j.      182:22-184:21

The unresolved objections are **TERMED** as **MOOT** because Chase withdrew these objections during the hearing.

### k.      247:22-249:9

The unresolved objections are **OVERRULED**.

### l.      249:19-250:9

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew these designations during the hearing.

## B.      Unresolved Objections to Defendant's Designations

The unresolved objections are **TERMED** as **MOOT** because Ms. Barnett withdrew all of these objections during the hearing.

## IV.  CONCLUSION

The Motion is **GRANTED IN PART** and is otherwise **DENIED**. Any proposed limiting instructions by Chase as identified herein are due to Ms. Barnett no later than 5:00 p.m. on January 23, 2014, and to the court via chambers email no later than 8:30 a.m. on January 27, 2014. The unresolved objections are **SUSTAINED IN PART**, **OVERRULED IN PART**, **TERMED** as **MOOT IN PART**, and **RESERVED IN PART**.

Further, as the court stated during the hearing, any briefing on the separate Rule 608(b) evidentiary issue identified above and the condition precedent issue[2] identified during the preliminary charge conference is due from Chase no later than 5:00 p.m. on Thursday, January 23, 2014. Ms. Barnett's response to Chase's briefing is due no later than 5:00 p.m. on Friday, January 24, 2014. No reply briefs on either one of these subjects are permitted.

Finally, the reply brief (Doc. 102) filed by Chase on January 20, 2014,[3] is **HEREBY STRICKEN** from the record as inconsistent with the briefing permitted

---

[2]  The condition precedent jury charge issue has two parts.  First, Chase must provide the court with on-point authority which establishes that the subject language constitutes a condition precedent to its performance under the mortgage contract. Second, Chase must show that the meaning of restoration includes rebuilding after a "total loss." Further, the court will not reach the second part unless Chase satisfies the first point.

[3]  The court further notes that Chase gave no prior notice of its intention to file a reply brief and yet filed this brief at 4:58 p.m., less than 24 hours before the hearing, and on a federal holiday.

for motions in limine under this court's pretrial order. (*See* Doc. 76 at 24 (including

no deadline or permission for filing reply briefs)).

    **DONE** and **ORDERED** this the 22nd day of January, 2014.


**VIRGINIA EMERSON HOPKINS**
United States District Judge